1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8   UNITED STATES OF AMERICA,                    Case No:  CR 01-40162-01 SBA

9                    Plaintiff,                  **ORDER DENYING MOTIONS
10                                               FOR SENTENCE REDUCTION**
          vs.
11                                               Dkt. 147, 158

12   JOSE LUIS SANDOVAL,

13                    Defendant.

14

15          Defendant Jose Luis Sandoval ("Defendant") was sentenced to a term of 188 months

16   in prison for Conspiracy to Distribute Methamphetamine, 21 U.S.C. § 846.  See Dkt. 163-1,

17   Ex. A.  He filed two pro se motions for reduction of sentence pursuant to 18 U.S.C.

18   § 3582(c)(2) and Guidelines Amendments 742 and 782, respectively.  Dkt. 147, 158.

19   Defendant is ineligible for a reduction under these amendments.

20          Regarding the first motion, Amendment 742 does not apply retroactively and

21   therefore does not provide a basis for relief under section 3582(c)(2).  See Dillon v. United

22   States, 560 U.S. 817, 824 (2010) (requiring that the applicable amendment be "made

23   retroactive pursuant to [28 U.S.C.] § 944(u)"); United States v. Mercado-Moreno, 869 F.3d

24   942, 949 n.1 (9th Cir. 2017) ("§ 3582(c)(2) motions must be based on a retroactive

25   Guidelines amendment" listed in U.S.S.G. § 1B1.10(d)); U.S.S.G. § 1B1.10(d) (excluding

26   Amendment 742 from the list of covered amendments).

27          Regarding the second motion, Amendment 782 reduced the base offense level set

28   forth in U.S.S.G. § 2D1.1—and the corresponding guideline range—for many drug-related

offenses. Having reviewed the Statement of Reasons, however, the Court finds that Defendant was sentenced as a career offender. The applicable guideline range was thus based on U.S.S.G. § 4B1.1, the provision regarding career offenders, not U.S.S.G. § 2D1.1.[1] "[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders . . . ." United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2017).

Moreover, even if Defendant was sentenced under U.S.S.G. § 2D1.1, he would still be ineligible for a reduction. Had Amendment 782 been in effect at the time of sentencing, the base offense level would have been 36 (as opposed to 38), the adjusted offense level would have been 33, and the applicable guidelines range would have been 235 to 293 months. Because the sentence imposed (i.e., 188 months) falls below the amended guideline range, a reduction under section 3582(c)(2) is foreclosed. See United States v. Davis, 739 F.3d 1222, 1224 (9th Cir. 2014) ("Section 1B1.10(b)(2)(A) provides that the court may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guidelines range.").

Accordingly, Defendant's motions are DENIED. This Order terminates Dockets 147 and 158.

IT IS SO ORDERED.

Dated: 02/26/2020

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[1] By application of U.S.S.G. § 4B1.1, the base offense level is 37, the adjusted offense level is 34, and the resulting guidelines range is 262 to 327 months.